Brian Stewart (Bar No. 12677)
SIEGFRIED & JENSEN
5664 S. Green Street
Murray, UT 84123
Main Office: 801-266-0999
Direct: 801-743-1569
Facsimile: 877-218-9068
E-Mail: brian@sjatty.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Kendall Anderson,<br><br>*Plaintiff,*<br><br>v.<br><br>Polaris Industries, Inc. and<br>Bigrentz, Inc. A/K/A Big Renz,<br>Wheeler CAT a/k/a Wheeler Machinery Co.,<br>Battlefrog a/k/a BattleFrog Obstacle Race Series<br><br>Defendants. | **PLAINTIFF'S COMPLAINT**<br><br>Civil Action No. _____ |

**To the Honorable United States Judge of Said Court:**

COMES NOW, Kendall Anderson (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and respectfully file this Complaint against Polaris, Bigrentz a/k/a Big Renz, Wheeler CAT a/k/a Wheeler Machinery Co. and Battle-

frog a/k/a BattleFrog Obstacle Race Series (hereinafter sometimes referred to as "Deendants").

In support hereof, the Plaintiff would state and show unto this Honorable Court the following:

## I. Parties

1. At all times herein mentioned, Kendall Anderson is an individual and resides in, is a citizen of and domiciled in the Parrish of Jefferson Davis, Louisiana.

2. Defendant Polaris Industries, Inc. ("Polaris") is a corporation organized and existing according to the laws of the State of Minnesota with its principal place of business in Minnesota. Service of process upon this Defendant may be had by serving the registered agent for service, CT Corporation System, Inc. at 100 S. 5th Street, No.1075, Minneapolis, Minnesota.

3. Defendant Bigrentz a/k/a Big Renz ("Bigrentz") is a corporation organized and existing according to the laws of the State of California with its principal place of business in Irvine, California. Service of process upon this Defendant may be had by serving the registered agent of service, Registered Agents, Inc., located at 1267 Willis St., Suite 200, Redding, CA 96001.

4. Defendant Wheeler CAT a/k/a Wheeler Machinery Co. ("Wheeler") is a corporation organized and existing according to the laws of the State of Utah with its principal place of business in Salt Lake City, Utah. Service of process upon this Defendant may be had by serving the registered agent of service, Robert B. Campbell, located at 4901 W. 2100 S, Salt Lake City, Utah 84120.

5. Defendant Battlefrog a/k/a BattleFrog Obstacle Race Series ("Battlefrog") is a corporation organized and existing according to the laws of the State of Florida with its principal place of business in Florida. Service of process upon this Defendant may be had by serving the registered agent of service, Incorp Services, Inc., located at 1226 W. South Jordan Pkwy, Ste B, South Jordan, Utah 84095-5966.

## II. Venue and Jurisdiction

6. Venue in the Central District of Utah is appropriate under 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this complaint occurred in Utah.

7. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

8. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

9. On May 14, 2016, Kendall Anderson was riding a Polaris 2015 Ranger 570 Crew (Model # R15RNA57AA [VIN 3NSRNA573FE366764]) traveling on a pathway near a Battlefrog course in his employment with Battlefrog.

10. It is understood the 2015 Ranger 570 ("ATV") was owned by Wheeler and provided to Battlefrog for use via an agreement with Bigrentz.

11. As such, the ATV was to be maintained by Defendants Wheeler, Bigrentz and/or Battlefrog.

12. The subject ATV, the 2015 Polaris Ranger 570, was designed by Defendant Polaris.

13. The subject ATV, the 2015 Polaris Ranger 570, was manufactured by Defendant Polaris.

14. The subject ATV, the 2015 Polaris Ranger 570, was marketed by Defendant Polaris.

15. The subject ATV was also assembled and tested by Defendant Polaris.

16. While traveling on a path in his employment with Battlefrog, the ATV Kendall Anderson was using encountered an area of the path he was traveling where in the ATV malfunctioned leading to a partial rollover. Mr. Anderson was partly ejected from the ATV resulting in serious injuries.

17. At the time of the accident, Mr. Anderson was properly operating the ATV in the condition it was provided to him.

18. However, despite properly operating the ATV, Plaintiff Kendall Anderson sustained serious injuries when the ATV failed to operate as expected.

19. Polaris has claimed that they strive to produce the safest products for its consumers.

20. Polaris has claimed that it is always developing its products with safety in mind, and that it develops products carefully, cautiously, and with all due considerations.

21. Polaris has claimed that it is always trying to take leadership in the industry in the pursuit of superior performance for the sake of safety.

22. At this point, Defendant is in possession of all the technical materials and other documents regarding the design, manufacture, and testing (if any) of the ATV in question. Defendant is also in possession of what, if any, engineering analysis and testing it performed.

23. However, it is expected that after all of these materials are produced in discovery and after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

## IV. Cause(s) of Action as to Defendant Polaris

24. It was entirely foreseeable to and well-known by Defendant Polaris that accidents and incidents involving its ATVs, such as occurred herein, would on occasion take place during the normal and ordinary use of said ATV.

25. In designing an ATV, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

26. Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

27. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

28. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

29. A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure someone is negligent.

30. The ATV in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

31. Defendant Polaris, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said ATV in question.

32. As detailed herein, the ATV contains and/or Polaris has committed ether design, manufacturing, marketing, assembling, and/or testing defects.

33. Defendant knew or should have known of safer alternative designs which would have prevented the serious injuries to the Plaintiff Kendall Anderson.

34. In addition to the foregoing, Defendant Polaris, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said ATV in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the ATV was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a. the ATV failed to operate as required;
    b. the ATV failed to provide proper protection to a passenger;
    c. the ATV permitted improper alteration of important safety devices;
    d. the ATV failed to have CV joint/components designed to withstand typical use and prevent unintended incidents as the one which occurred herein;
    e. the ATV failed to include safety measures to prevent ejection in foreseeable incidents such as the one which occurred herein;
    f. the Defendant failed to do adequate testing; and/or

g. the Defendant failed to conduct proper engineering analysis.

35. Defendant Polaris was negligent in the design, manufacture, assembly, marketing, and/or testing of the ATV in question.

36. The ATV was defective at the time it left Defendant Polaris' control.

37. Reasonable consumers would not have been aware of the defective condition of the ATV.

38. Plaintiff Kendall Anderson was not aware of the defects in the subject ATV.

39. Each of the acts or omissions described above, singularly or in combination with others, constitutes gross negligence.

40. Plaintiff Kendall Anderson's claims against Defendant Polaris are for negligence and gross negligence.

41. The gross negligence of Defendant Polaris was a proximate cause of the occurrence made the basis of this action and the injuries and damages suffered by Kendall Anderson.

42. Plaintiff would respectfully show that the injuries to Kendall Anderson brought about by the gross negligence of Defendant Polaris acting by and through its employees, agents, officers, and representatives in the course of their employment for Polaris.

43. Accordingly, Polaris should be held liable to Plaintiff for punitive or exemplary damages in an amount calculated to punish Polaris and convey the message to the public that this type of carelessness or recklessness conduct

showing utter indifference to the consequences of their acts and/or omissions will not be tolerated and will be appropriately punished. Plaintiff submits this issue to the jury because Plaintiff has suffered tremendous injuries and losses.

44. The foregoing acts and/or omissions of Defendant Polaris were a producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

## V. Cause(s) of Action as to Defendants Wheeler and Bigrentz

45. Defendants Wheeler and Bigrentz were responsible for the maintenance, repair and general upkeep of the subject ATV. Defendants Wheeler and Bigrentz were negligent in their duty to maintain, repair and upkeep the ATV to prevent injuries to those who used them.

46. Defendants Wheeler and Bigrentz's negligent acts and/or omissions include, but are not necessarily limited to, one of more of the following:

   a. Defendants Wheeler and Bigrentz failed to properly inspect and/or report defects in the ATV;
   b. Defendants Wheeler and Bigrentz failed to properly inspect for and/or report issues with the CV joints/components;
   c. Defendants Wheeler and Bigrentz failed to properly maintain the ATV, including but not limited to the CV joints/components;
   d. Defendants Wheeler and Bigrentz failed to ensure proper safety features were place allowing certain safety features to be altered and/or removed;
   e. Defendants Wheeler and Bigrentz failed to advise Kendall Anderson of the dangers using an ATV which does not have proper safety features;
   f. Defendants Wheeler and Bigrentz failed to remove the ATV from operation until it could be properly repaired and/or inspected; and/or

    g.    Defendants Wheeler and Bigrentz permitted the ATV to be rented/utilized with safety features altered and/or missing.

47.    The foregoing acts and/or omissions of Defendants Wheeler and Bigrentz were a producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

48.    Defendants Wheeler and Bigrentz were aware of the extreme degree of risk involved considering the probability and magnitude of the potential risk and harm to others and nevertheless failed to observe even slight care; Defendants Wheeler and Bigrentz were careless or reckless to a degree that shows utter indifference to the consequences that may result in the rights, safety, or welfare of those utilizing their ATV, including Kendall Anderson, and others.

49.    Each of the acts or omissions described above, singularly or in combination with others, constitutes gross negligence.

50.    Plaintiff Kendall Anderson's claims against Defendants Wheeler and Bigrentz are for negligence and gross negligence.

51.    The gross negligence of all Defendants was a proximate cause of the occurrence made the basis of this action and the injuries and damages suffered by Kendall Anderson.

52.    Plaintiff would respectfully show that the injuries to Kendall Anderson brought about by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of their employment for Defendants Wheeler and Bigrentz.

53.    Accordingly, Defendants Wheeler and Bigrentz should be held liable

to Plaintiff for punitive or exemplary damages in an amount calculated to punish Wheeler and Bigrentz and convey the message to the public that this type of carelessness or recklessness conduct showing utter indifference to the consequences of their acts and/or omissions will not be tolerated and will be appropriately punished. Plaintiff submits this issue to the jury because Plaintiff has suffered tremendous injuries and losses.

54. Defendants Wheeler and Bigrentz gave false pretenses that the ATV was/were maintained and repaired in a manner to make them safe for use. As such,

55. Defendants Wheeler and Bigrentz made a material misrepresentation as to the repair and/or maintenance of the ATV, enticing Kendall Anderson to use the ATV under false pretenses.

### VI. Cause(s) of Action as to Defendant Battlefrog

56. Defendant Battlefrog is responsible for the maintenance, repair and general upkeep of the subject ATV. Defendant Battlefrog was grossly negligent in its duty to maintain, repair and upkeep the ATV to prevent injuries to those who used them.

57. Defendant Battlefrog's grossly negligent acts and/or omissions include, but are not necessarily limited to, one of more of the following:

    a. Defendant Battlefrog failed to properly inspect and/or report defects in the ATV;
    b. Defendant Battlefrog failed to properly inspect for and/or report issues with the CV joints/components;
    c. Defendant Battlefrog failed to properly maintain the ATV, in-

       cluding but not limited to the CV joints/components;

    d. Defendant Battlefrog failed to ensure proper safety features were place allowing certain safety features to be altered and/or removed;

    e. Defendant Battlefrog failed to advise Kendall Anderson of the dangers using an ATV which does not have proper safety features; and/or

    f. Defendant Battlefrog failed to remove the ATV from operation until it could be properly repaired and/or inspected.

58. The foregoing acts and/or omissions of Defendant Battlefrog were a producing, direct, and/or proximate cause of the Plaintiff's serious injuries and Plaintiff's damages.

59. Defendant Battlefrog was aware of the extreme degree of risk involved considering the probability and magnitude of the potential risk and harm to others and nevertheless failed to observe even slight care; Defendant Battlefrog was careless or reckless to a degree that shows utter indifference to the consequences that may result in the rights, safety, or welfare of those utilizing their ATV, including Kendall Anderson, and others.

60. Each of the acts or omissions described above, singularly or in combination with others, constitutes gross negligence.

61. The gross negligence of Defendant Battlefrog was a proximate cause of the occurrence made the basis of this action and the injuries and damages suffered by Kendall Anderson.

62. Plaintiff would respectfully show that the injuries to Kendall Anderson brought about by the gross negligence of Defendant Battlefrog acting by and through its employees, agents, officers, and representatives in the course of

their employment for Battlefrog.

63. Accordingly, Battlefrog should be held liable to Plaintiff for punitive or exemplary damages in an amount calculated to punish Battlefrog and convey the message to the public that this type of carelessness or recklessness conduct showing utter indifference to the consequences of their acts and/or omissions will not be tolerated and will be appropriately punished. Plaintiff submits this issue to the jury because Plaintiff has suffered tremendous injuries and losses

## VII. Damages

64. Plaintiff seeks recovery for damages under any applicable statute and/or common law of the state of Utah.

65. As a result of the acts and/or omissions of Defendants, Plaintiff Kendall Anderson, has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with his daily activities, and a reduced capacity to enjoy life as a result of his serious injuries.

66. As a result of the acts and/or omissions of Defendants, Plaintiff Kendall Anderson, has suffered a diminished earning capacity as a result of his serious injuries.

67. As a result of the acts and/or omissions of Defendants, Plaintiff Kendall Anderson, has become obligated to pay extensive medical expenses in the past and, will continue in the future, as a result of his serious injuries.

68. The above and foregoing acts and/or omissions of Defendants, resulting in the serious injuries to Plaintiff, has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## VIII. Conclusion and Prayer

69. For the reasons presented herein, Plaintiff prays that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recover judgment against Defendants for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest at the maximum legal rate provided by law;
   d. costs of suit; and
   e. all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

DATED this 20th day of March, 2017.


SIEGFRIED & JENSEN


/S/ Brian Stewart
Brian Stewart
Attorneys for Plaintiff


**PLAINTIFF'S ADDRESS:**

c/o Brian Stewart
SIEGFRIED & JENSEN
5664 S. Green Street
Murray, UT 84123