IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENDALL ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>BIGRENTZ, INC. a/k/a BIG RENZ; WHEELER CAT a/k/a WHEELER MACHINERY CO.; BATTLEFROG a/k/a BATTLEFROG OBSTACLE RACE SERIES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER STRIKING CROSS-CLAIM FOR BREACH OF CONTRACT/INDEMNITY**[1]<br><br>Case No. 2:17-cv-00205-DN-EJF<br><br>District Judge David Nuffer |

This action arises from an alleged Utility Terrain Vehicle ("UTV") rollover accident during the course of Plaintiff's employment in which Plaintiff suffered personal injuries.[2] Plaintiff now asserts claims for negligence against the UTV's owner, Defendant Wheeler Cat ("Wheeler"); and the company that rented the UTV from Wheeler, Defendant Bigrentz, Inc. ("Bigrentz").[3] Bigrentz rented the UTV to Plaintiff's employer, Battlefrog.[4] Wheeler and

---

[1] The parties were given notice of the court's intent to enter this Memorandum Decision and Order. Notice of Proposed Memorandum Decision and Order Striking Cross-Claim for Breach of Contract/Indemnity and Order for Briefing, docket no. 109, filed December 26, 2019. The parties were also given the opportunity to file briefs stating their positions regarding the entry of this Memorandum Decision and Order. *Id*. Battlefrog was the only party to timely file a position brief. Battlefrog's Position Statement Re: Proposed Memorandum Decision Striking Cross-Claim for Breach of Contract/Indemnity, docket no. 113, filed Jan. 2, 2020. Battlefrog agreed with the analysis regarding dismissal of the cross-claim for breach of contract/indemnity. *Id*. Because no party timely objected to or opposed the entry of this Memorandum Decision and Order, it is appropriate that this Memorandum Decision and Order is now entered.

[2] Plaintiff's First Amended Complaint ("Amended Complaint") ¶¶ 7-8 at 3, docket no. 102, filed Sept. 27, 2019.

[3] *Id*. ¶¶ 10-33 at 3-7.

[4] Plaintiff originally asserted a negligence claim against Battlefrog, but this claim was dismissed. Plaintiff's Complaint ¶¶ 56-63 at 10-12, docket no. 2, filed Mar. 21, 2017; Order Granting [44] Defendant Battlefrog's Motion to Dismiss, docket no. 49, filed Dec. 11, 2017. Polaris Industries, Inc. was also a defendant in the case before being dismissed. Plaintiff's Complaint, ¶¶ 24-44 at 5-8; Order (1) Dismissing Certain Claims and Parties, (2) Directing

Bigrentz initially filed cross-claims against Battlefrog seeking only apportionment of fault.[5] However, Wheeler and Bigrentz recently filed a Joint Cross-Claim against Battlefrog,[6] which included a claim for apportionment of fault[7] and, for the first time, a claim for breach of contract/indemnity.[8]

Because Wheeler and Bigrentz did not obtain Battlefrog's written consent or leave of court to amend their cross-claims against Battlefrog, their cross-claim for Battlefrog's breach of contract/indemnity is STRICKEN.[9] Additionally, because the cross-claim for breach of contract/indemnity is unjustifiably untimely and unduly prejudicial to Battlefrog, a motion for leave to amend Wheeler and Bigrentz's cross-claims against Battlefrog to include a cross-claim for breach of contract/indemnity will not be considered.

---

Filing of Amended Complaint, and (3) Withdrawing Pending Motions for Summary Judgment, docket no. 101, filed Sept. 18, 2019.

[5] Answer to Complaint, Notice and Cross Claim for Apportionment of Fault and Jury Demand ("Wheeler's Cross-Claim") at 19-20, docket no. 14, filed Apr. 13, 2017; Amended Answer to Complaint, Crossclaim, Notice and Cross Claim for Apportionment of Fault and Jury Demand ("Wheeler's First Amended Cross-Claim") at 23, docket no. 16, filed May 3, 2017; Defendant Bigrentz, Inc.'s Answer to Complaint, Notice and Cross-Claim for Apportionment of Fault and Jury Demand ("Bigrentz's Cross-Claim") at 15-17, docket no. 17, filed May 26, 2017.

[6] Answer to Plaintiff's First Amended Complaint, Notice and Request for Apportionment of Fault, and Cross-Claim and Jury Demand ("Joint Cross-Claim"), docket no. 103, filed Oct. 7, 2019.

[7] *Id*. ¶¶ 18-24 at 12.

[8] *Id*. ¶¶ 25-28 at 12-13.

[9] Battlefrog filed a Motion to Dismiss seeking dismissal of the breach of contract/indemnity cross-claim on alternative grounds. Motion to Dismiss, docket no. 106, filed Nov. 13, 2019. The Motion to Dismiss is MOOT.

# DISCUSSION

## The filing of Wheeler and Bigrentz's cross-claim for breach of contract/indemnity against Battlefrog was procedurally improper

"A federal trial court has inherent authority to manage its docket."[10] "This inherent authority includes the ability to strike untimely motions and oppositions"[11] and to dismiss claims.[12]

Wheeler and Bigrentz asserted their cross-claim for breach of contract/indemnity against Battlefrog for the first time in their Joint Cross-Claim on October 7, 2019.[13] Prior to their Joint Cross-Claim, Wheeler and Bigrentz's cross-claims against Battlefrog were only for apportionment of fault.[14] Therefore, the cross-claim for breach of contract/indemnity was an amendment to Wheeler and Bigrentz's cross-claims against Battlefrog.

Under FED. R. CIV. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[15] Neither Wheeler nor Bigrentz obtained Battlefrog's written consent or leave of court to file an amended cross-claim against Battlefrog. Therefore, Wheeler and Bigrentz's inclusion of a cross-claim for breach of contract/indemnity against Battlefrog in their Joint Cross-Claim was procedurally improper. It is appropriate that the cross-claim[16] be STRICKEN.

---

[10] *Utah Republican Party v. Herbert*, No. 2:14-cv-00876-DN-DBP, 2015 WL 6394534, *3 (D. Utah Oct. 22, 2015) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 628, 629-30 (1962)).

[11] *Id*. (citing *Link*, 370 U.S. at 629-30).

[12] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854 (10th Cir. 2005) (citing *Link*, 370 U.S. at 630-31).

[13] Joint Cross-Claim ¶¶ 25-28.

[14] Wheeler's Cross-Claim at 19-20; Wheeler's First Amended Cross-Claim at 23; Bigrentz's Cross-Claim at 15-17.

[15] FED. R. CIV. P. 15(a)(2).

[16] Joint Cross-Claim ¶¶ 25-28.

### Wheeler and Bigrentz's cross-claim for breach of contract/indemnity is unjustifiably untimely and unduly prejudicial to Battlefrog

Under FED. R. CIV. P. 15(a)(2), "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires."[17] This Rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[18] "The district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation."[19] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[20]

**Wheeler and Bigrentz's cross-claim for breach of contract/indemnity against Battlefrog is unjustifiably untimely**

"[A] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[21] The focus of the analysis is "primarily on the reasons for the delay."[22] "[W]hen the party [seeking amendment] has no adequate explanation for the delay[,]" leave to amend will not be permitted.[23] Nor will leave be permitted when a party "knowingly delay[s] raising [an] issue until the 'eve of trial.'"[24]

---

[17] FED. R. CIV. P. 15(a)(2).

[18] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations omitted).

[19] *Id*. (internal quotations omitted).

[20] *Id*. (internal quotations omitted).

[21] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[22] *Id*. at 1206.

[23] *Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[24] *Id*. (quoting *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

Wheeler and Bigrentz cannot assert an adequate justification for their delay in seeking to allege a cross-claim for breach of contract/indemnity against Battlefrog. The Rental Agreement on which the cross-claim is based is a standardized Bigrentz form, which was executed by Battlefrog on September 29, 2015.[25] And it is referenced in Plaintiff's Complaint, which was filed on March 21, 2017.[26] Presumably, Bigrentz had possession or access to the Rental Agreement since its execution. But regardless, any party to this action acting with reasonable diligence would have obtained the Rental Agreement during fact discovery early on in the case.

This case has been pending for nearly three years. Wheeler and Bigrentz initially filed their cross-claims against Battlefrog in April and May 2017.[27] The deadline for Wheeler and Bigrentz to file motions to amend their pleadings passed approximately two years ago on December 15, 2017.[28] Bigrentz included argument that Battlefrog owed it a contractual duty and obligation to indemnify under the Rental Agreement when seeking summary judgment on Plaintiff's claims over one year ago.[29] And it is now the eve of trial, which is set to begin in less than three months.[30]

Under these circumstances, Wheeler and Bigrentz's cross-claim for breach of contract/indemnity against Battlefrog is unjustifiably untimely.

---

[25] Rental Agreement Terms and Conditions ("Rental Agreement"), docket no. 107-1, filed Nov. 19, 2019.

[26] Plaintiff's Complaint ¶ 10 at 3.

[27] Wheeler's Cross-Claim at 19-20; Wheeler's First Amended Cross-Claim at 23; Bigrentz's Cross-Claim at 15-17.

[28] Scheduling Order and Order Vacating Hearing ("Scheduling Order") ¶ 3.b. at 3, docket no. 39, filed Aug. 21, 2017. The Scheduling Order was subsequently amended three time. Order to Continue Discovery Deadlines and Expert Discovery Deadlines, docket no. 66, filed May 23, 2018; Order Granting Stipulated Motion to Extend Discovery, docket no. 68, filed Aug. 2, 2018; Second Amended Scheduling Order, docket no. 74, filed Nov. 29, 2018. But the deadline for defendants to file motions to amend their pleadings was never extended.

[29] Bigrentz, Inc.'s Motion for Summary Judgment and Memorandum in Support at 13-17, docket no. 73, filed Nov. 21, 2018.

[30] Second Amended Scheduling Order ¶ 7.f.i. at 3.

**Granting leave for Wheeler and Bigrentz to pursue a cross-claim for breach of contract/indemnity against Battlefrog would cause undue prejudice to Battlefrog**

The "most important[] factor in deciding [whether to permit a party] to amend the pleadings[] is whether the amendment would prejudice the [opposing party]."[31] "Courts typically find prejudice only when the amendment unfairly affects [the opposing party] 'in terms of preparing their defense to the amendment.'"[32] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleadings] and raise significant new factual [or legal] issues."[33]

The only claim seeking affirmative relief against Battlefrog in this case was Plaintiff's negligence claim.[34] That claim was dismissed on December 11, 2017.[35] All other claims against Battlefrog sought only to have Battlefrog included in the jury's consideration of apportionment of fault.[36] Apportionment is derivative from the facts in an accident and not a cause of action based on independent facts or contract. Battlefrog has not had any involvement[37] in this case

---

[31] *Minter*, 451 F.3d at 1207.

[32] *Id*. at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[33] *Id*.

[34] Plaintiff's Complaint ¶¶ 56-63 at 10-12.

[35] Order Granting [44] Defendant Battlefrog's Motion to Dismiss.

[36] Wheeler's Cross-Claim at 19-20; Wheeler's First Amended Cross-Claim at 23; Bigrentz's Cross-Claim at 15-17; Answer and Cross-Claim for Apportionment of Fault at 10-12, docket no. 18, filed May 30, 2017.

[37] From Battlefrog's Motion to Dismiss:
> 4. On December 11, 2017, the Court granted Battlefrog's motion to dismiss (docket no. 44) based on the exclusive worker's compensation remedy (docket no. 49).
>
> 5. The case then proceeded through discovery (both fact and expert) without the involvement or participation of Battlefrog.

Motion to Dismiss at 2.

since the dismissal of Plaintiff's negligence claim over two years ago.[38] Fact and expert discovery are now closed.[39] And the deadline for filing dispositive motions has passed.[40]

Wheeler and Bigrentz's cross-claim for breach of contract/indemnity is a new legal theory seeking affirmative relief against Battlefrog. The cross-claim, which focuses on the terms and conditions of the Rental Agreement,[41] is factually divergent from Wheeler and Bigrentz's cross-claims for apportionment of fault.[42] Under all these circumstances, Battlefrog cannot reasonably be expected to be preparing to defend against this new cross-claim at trial. And granting leave to Wheeler and Bigrentz at this late date to pursue the cross-claim would unfairly affect Battlefrog's ability to prepare a defense. Therefore, permitting Wheeler and Bigrentz to amend their cross-claims against Battlefrog to include a cross-claim for breach of contract/indemnity would unduly prejudicial to Battlefrog.

Because this cross-claim for breach of contract/indemnity is unjustifiably untimely and unduly prejudicial to Battlefrog, a motion for leave to amend Wheeler and Bigrentz's cross-claims against Battlefrog to include this cross-claim will not be considered.

## ORDER

IT IS HEREBY ORDERED that Wheeler and Bigrentz's cross-claim for breach of contract/indemnity against Battlefrog[43] is STRICKEN. And a motion for leave to amend

---

[38] Order Granting [44] Defendant Battlefrog's Motion to Dismiss.

[39] Second Amended Scheduling Order ¶¶ 1.a., 5.a. at 1-2.

[40] *Id*. ¶ 5.b. at 2.

[41] Joint Cross-Claim ¶¶ 25-28 at 12-13.

[42] *Id*. ¶¶ 18-24 at 12; Wheeler's Cross-Claim at 19-20; Wheeler's First Amended Cross-Claim at 23; Bigrentz's Cross-Claim at 15-17.

[43] Joint Cross-Claim ¶¶ 25-28 at 12-13, docket no. 103, filed Oct. 7, 2019.

Wheeler and Bigrentz's cross-claims against Battlefrog to include a cross-claim for breach of contract/indemnity will not be considered.

IT IS FURTHER HEREBY ORDERED that Battlefrog's Motion to Dismiss[44] is MOOT.

Signed January 3, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[44] Docket no. 106, filed Nov. 13, 2019.